George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Katrina Reilly*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Katrina Reilly,<br><br>              Plaintiff,<br>v.<br><br>Bridgecrest Credit Company, LLC;<br>Noblr, Inc.; CoPart, Inc. and Constar<br>Financial Services, LLC,<br><br>              Defendants. | Case No.: 2:25-cv-00615-RFB-MDC<br><br>**Stipulation and Order to Extend Discovery Deadlines**<br><br>**(First Request)** |

Katrina Reilly ("Plaintiff"), CoPart, Inc. and Noblr, Inc. ("Defendants") (jointly as the "Parties"), by and through their respective counsel, hereby stipulate to modify the Court's Discovery Plan and Scheduling Order. Pursuant to LR 26-3(d), the Parties' proposed discovery schedule is listed below:

5. Initial Expert disclosure date: from August 15, 2025, to **October 21, 2025;**
6. Rebuttal expert disclosure date: from September 15, 2025 **to November 14, 2025**
7. Discovery cutoff date: from October 14, 2025, to **December 15, 2025;**
8. Dispositive motions: from November 13, 2025, to **January 14, 2026;**
9. Pretrial order: from December 15, 2025, to **February 13, 2026.**

In the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court.

Pursuant to LR 26-3, good cause exists to amend the Scheduling Order. The Parties have diligently pursued discovery but need additional time to complete Plaintiff's depositions of Defendants.

### A. Statement of Completed Discovery

CoPart, Inc. served initial disclosures, interrogatories, requests for production of documents, and requests for admission on Plaintiff on May 27, 2025.

Plaintiff served initial disclosures, interrogatories, requests for production of documents, requests for admission, and unilateral deposition notices on Defendants on June 17, 2025.

Noblr, Inc. served initial disclosures on June 17, 2025.

Plaintiff responded to CoPart, Inc.'s written discovery requests on June 25, 2025.

Noblr, Inc. served interrogatories, requests for production of documents, and requests for admission on Plaintiff on July 1, 2025.

CoPart, Inc. responded to Plaintiff's written discovery requests on July 30, 2025.

Plaintiff responded to Noblr, Inc.'s written discovery requests on July 3, 2025.

Plaintiff sat for deposition on July 24, 2025.

### B. Description of Remaining Discovery

Pursuant to LR 26-3(b), the parties request additional time for Plaintiff to take Defendant's Depositions. Because fact discovery necessarily informs expert analysis, the parties respectfully request that the expert disclosure deadlines be adjusted to align with the extended discovery schedule.

### C. Reasons Why Remaining Discovery Was Not Completed by Current Deadlines

Pursuant to LR 26-3(c), the reason the remaining discovery was not complete within the time limits set by the discovery plan is that the Parties have been forced to reschedule the depositions of Defendants' witnesses due to restrictions on counsels' schedules as well as

Defendants' witness' schedules caused by appearances scheduled for other cases at the same time. The Parties now have agreed upon dates in which all participants will be available to conduct the depositions, unfortunately these dates are after the current deadline for close of discovery. Therefore, the Parties have stipulated and request an order modifying the Court's Discovery Plan and Scheduling Order to allow for additional time to complete the remaining discovery.

The Parties acknowledge that the initial expert deadline has passed. Under FCRP 6(b)(1)(B) the Court may extend a deadline on a showing of excusable neglect. When determining whether there is excusable neglect, courts are guided by four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *EB Holdings II, Inc. v. Illinois Nat'l Ins. Co.,* No. 2:20-CV-02248-JCM-NJK, 2021 WL 12348633, at *3 (D. Nev. Sept. 20, 2021)(internal citation omitted).

Here, these four factors weigh in favor of excusable neglect. The omission was inadvertent and identified promptly upon preparing this stipulation. Rather, the parties have been conferring regarding the date and topics for corporate depositions, which has taken longer than anticipated due to the change in counsel for defendant Noblr and due to coordinating availability of all counsel. The delay in seeking the extension was not due to bad faith, and no prejudice will result if the expert schedule is adjusted in tandem with the remaining discovery. By allowing expert discovery to proceed in tandem with the proposed discovery extension, all parties will have the opportunity to base expert opinions on a complete factual record, streamline scheduling and avoid piecemeal case management. The short duration of the delay, the absence of prejudice to any party, the prompt corrective action taken, and the good-faith nature of this request support a finding of excusable neglect. *See Id*. at 3.

This is the Parties' first request for an extension of these deadlines and the Parties respectfully submit that the requested extension is supported by good cause, is made in good faith, and not intended to delay these proceedings unnecessarily.

Dated: August 28, 2025.

STIPULATION - 3 -

DE 10327236.3

**FREEDOM LAW FIRM, LLC**

/s/ *Gerardo Avalos*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, NV 89123
*Counsel for Plaintiff*

**MESSNER REEVES LLP**

/s/ *Tiffanie C. Bittle*
Karie N. Wilson, Esq.
Tiffanie C. Bittle, Esq.
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
*Counsel for Copart, Inc.*

**SPENCER FANE LLP**

/s/ *Tyler B. Thomas*
Tyler B. Thomas, Esq.
Jeremy A. Moseley, Esq.
300 South Fourth St. Suite 1600
Las Vegas, Nevada 89101
*Counsel for Noblr, Inc.*

## SCHEDULING ORDER

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: September 10, 2025